**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

FILED
NOV 24 2021
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**JOHN P. McSHEFFREY,**
319 East Leicester Avenue.,
Norfolk, VA 23503,
jpmzlegal@yahoo.com,
Ph: 757-310-2911

Plaintiff,

-versus-

**LILY I. WILDER,**
Assistant Commonwealth Attorney
*Sued in her individual and*
*Official capacities,*
lily.wilder@norfolk.gov
Ph. 757-330-0376
800 East City Hall Avenue,
Suite 600
Norfolk, VA 23510,

-and-

**RYAN T. DAVIS,**
Assistant Commonwealth Attorney's
Investigator,
*Sued in his individual and*
*Official capacities,*
ryan.davis@norfolk.gov
800 East City Hall Avenue,
Suite 600,
Norfolk, VA 23510,

Defendants. /

2:21cv630

**COMPLAINT FOR VIOLATIONS OF 42 U.S.C.A. § 1983 AND THE FOURTH AND FIFTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

**JURY TRIAL DEMANDED**

**Preliminary Statement**

This is a civil rights action filed by JOHN P. McSHEFFREY, a Virginia Realtor, for declaratory and injunctive relief under 42 U.S.C.A. § 1983, alleging unlawful

arrest/imprisonment and falsifying a Grand Jury Indictment in violation of the Grand Jury Clause, and Due Process Clause, and rights to be free from an unreasonable seizure of his person under the United States Constitution.

**Jurisdiction and Venue:**

1. This is an action for injunctive relief and declaratory relief pursuant to 42 U.S.C. § 1983 based upon the continuing violations of Plaintiffs' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

2 Venue is appropriate in this judicial District, pursuant 28 U.S.C.A. § 1391(b). Defendants' primary employment is in this district, and Defendants' independent and collective malicious and unlawful violations under color of state law of Plaintiff's constitutional rights giving rise to the claims herein accrued within this district.

**Parties:**

3 The Plaintiff, JOHN P. McSHEFFREY, is a resident of Norfolk, and a Real Estate Professional.

4. The Defendant, LILY I. WILDER, is a Commonwealth Assistant Attorney for the Commonwealth of Virginia and handles prosecuting cases for the family division in Norfolk. Defendant WILDER is sued in her individual and official capacities.

5. The Defendant, RYAN T. DAVIS, is an Investigator for the Commonwealth Assistant Attorney's office, and handles investigations for the Commonwealth Attorneys in Norfolk. Defendant DAVIS is sued in his individual and official capacities.

**Factual Allegations:**

6. The Plaintiff is not a married man, nor does he have a spouse. The Plaintiff does not use or consume alcohol or drugs of any kind.

7. The Plaintiff is Virginia Realtor, and is a Zillow Premier Agent.

8. On or about December 20, 2020, the Defendants Wilder and Davis received Information from a therapist that a patient advised them that Plaintiff raped her.

9. A Norfolk Police detective advised Defendant Wilder that since the alleged rape victim lied about her age to Plaintiff, i.e., saying she was 18 years old when she was 16 years old, that she smoked weed and drank alcohol, accepted money for sex, and alleged victim gave Plaintiff permission to have intercourse as long as he used a condom, the Norfolk Police department couldn't do anything. See Norfolk Circuit Court bond hearing transcripts (1/20/2021), page 16 (see attached excerpts).

10. Defendant Davis allegedly scheduled a interview with the alleged rape victim about the matter.

11. Defendant Wilder did in fact prepare a direct indictment review package. Id.

12. Defendant Davis, sworn by the Court, allegedly went before the Norfolk Grand Jury and presented false facts that the alleged victim was a female over the age 18 years old, that she was Plaintiff's spouse and Plaintiff did commit intercourse by force.

13. Defendant Davis did not present the case to the Grand Jury. Defendants Davis and Wilder acted in concert to falsify a bogus indictment and/or put a e-signature on the Indictment.

14. Defendants Wilder and Davis presented the false indictment charging Plaintiff with "Intercourse with Spouse by Force, Threat, Etc." in violation of VA Code § 18.2-61. Id.

15. The alleged victim was not Plaintiff's spouse. Plaintiff did not have intercourse with

her by force or threats. Plaintiff met the young lady on three occasions. The young lady was a prostitute and wanted money from the Plaintiff in exchange for sex.

16. The Defendants Wilder and Davis provided this false indictment to police to have the Plaintiff arrested.

17. Plaintiff was unlawfully arrested on January 12, 2021 on the false indictment, and released on bond January 20, 2021.

**CLAIM I**

18. Plaintiff realleges and incorporates by reference paragraph 11-12, and 16-17 in this complaint hereat.

19. Defendants Wilder and Davis, acting under the color of authority vested in them by the State of Virginia, did jointly and severally knowingly commit perjury before the grand jury to procure a false indictment against Plaintiff caused a violation to Va. Code § 19.2-217("prosecution for felony to be by indictment").

20. Defendants Wilder and Davis, acting under the color of authority vested in them by the State of Virginia, did jointly and severally, knowing and maliciously, fabricate or manufacture a false indictment against Plaintiff which caused a violation to the Due Process Clause under the Fourteenth Amendment of the United States Constitution.

21. Defendants Wilder and Davis, acting under the color of authority vested in them by the State of Virginia, did jointly and severally, knowingly and maliciously commit perjury before the grand jury to procure a false indictment against Plaintiff which caused a violation to the Grand Jury Clause under the Fifth Amendment of the United States Constitution.

22. Defendants Wilder and Davis, acting under the color of authority vested in them by the State of Virginia, did jointly and severally, knowingly and maliciously commit perjury before the grand jury to procure a false indictment against Plaintiff which caused "unreasonable

seizures of his person" a violation of Clause under the Fourth Amendment of the United States Constitution.

**CLAIM II**

23. Plaintiff realleges and incorporates by reference all of the preceding paragraphs 11, 13, 16 and 17 in this complaint hereat.

24. Defendants Wilder and Davis, acting under the color of authority vested in them by the State of Virginia, did jointly and severally, knowingly, maliciously fabricate or manufacture or "Rubber Stamped" false indictment against Plaintiff which caused guaranteed rights under a violation to Va. Code § 19.2-217("prosecution for felony to be by indictment").

25. Defendants Wilder and Davis, acting under the color of authority vested in them by the State of Virginia, did jointly and severally, knowing and maliciously fabricate or manufacture or "Rubber Stamped" indictment against Plaintiff which caused a violation to the Due Process Clause under the Fourteenth Amendment of the United States Constitution.

26. Defendants Wilder and Davis, acting under the color of authority vested in them by the State of Virginia, did jointly and severally, knowingly and maliciously fabricate or manufacture or "Rubber Stamped" indictment against Plaintiff which caused a violation to the Grand Jury Clause under the Fifth Amendment of the United States Constitution.

27. Defendants Wilder and Davis, acting under the color of authority vested in them by the State of Virginia, did jointly and severally, knowingly and maliciously fabricate or manufacture or "Rubber Stamped" indictment against Plaintiff which caused "unreasonable seizures of his person" a violation of Clause under the Fourth Amendment of the United States Constitution.

28. Defendants Davis and Wilder, acting under the color of authority vested in them By the State of Virginia, worked jointly and severally, and knowingly and maliciously to deprive

the Plaintiff of his life and liberty by denying him of the due process right to a fair trial and right to Grand Jury indictment guaranteed under Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request the following relief:

1. For a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants from engaging in the policies, practices and conduct complained of herein;
2. For a temporary and permanent restraining order enjoining Defendant Wilder from ever practicing law as prosecutor,
3. For a temporary and permanent retraining order enjoining Defendant Davis from being a investigator for the government.
4. For a declaratory judgment that Defendants' conduct as alleged herein violated Plaintiffs' rights under the United States and Constitutions and the laws of Virginia;
5. Trial by jury on all claims.

Date: November 24, 2021

Respectfully submitted,

John McSheffrey, Pro Se.

**Certification and Closing:**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**Plaintiff is Without an Attorney:**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: November 24, 2021

Signature of Plaintiff: ______________________

Printed Name of Plaintiff: John P. McSheffrey

**State of Virginia)**
**City of Norfolk )**

The foregoing instrument was sworn to me this 24 day of November 2021.

______________________

Notary Public

My commission expires:__________

V I R G I N I A:

IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

COMMONWEALTH OF VIRGINIA )
V. ) CR20001649-00
JOHN PATRICK MCSHEFFREY, )
Defendant. )

TRANSCRIPT OF PROCEEDINGS

NORFOLK, VIRGINIA

JANUARY 20, 2021

BEFORE: THE HONORABLE JOHN R. DOYLE

APPEARANCES: OFFICE OF THE COMMONWEALTH'S ATTORNEY
BY: LILY I. WILDER, ESQUIRE
Counsel for the Commonwealth

CAVANAUGH LAW, P.C.
BY: MICHELE CAVANAUGH, ESQUIRE
Counsel for the Defendant

DEFENDANT APPEARING VIA VIDEO

Tony Spratley, Court Reporter

seen the victim -- or the victim has seen him as he manages near where she lives. So they are afraid for their safety. She's afraid of him, and they've seen him multiple times since this incident has taken place.

THE COURT: Why is the delay in charging? I see the date of offense -- assuming it's correct -- it's alleged between March 17, 2020, and March 31, 2020, and the indictments are dated January 6, 2021, a direct indictment.

MS. WILDER: The night of the incident when the victim came back home, she told her mother about what had taken place. Her mother -- during trial -- will probably testify to the fact that she called the police. She called the Police Operations Center and spoke to a detective, and told the detective what happened. The detective told her, unfortunately because she told him she was 18 and she drank alcohol and smoked weed with him, we can't do anything about it.

A couple of months down the road, the victim was in therapy for an unrelated matter; however, in therapy it came out what happened that day. When that came out during therapy, the therapist asked her if she could contact the detective from the Special Crimes Unit to speak to her. The victim agreed, and

then our office got a direct indictment review package, Your Honor. That was why the delay happened. We had to investigate a little bit prior to bringing charges.

THE COURT: In the meantime, the victim has seen the defendant. Has there been any intimidation or any acts --

MS. WILDER: No, Your Honor. She has seen him on the street, literally on the street where she lives. She's seen him in her neighborhood driving by, but he has not spoken to her as far as what she told me. Her and her mom have both seen him, but did not report of him talking to them, or him intimidating her in any way, Your Honor.

THE COURT: And my second question is, why is he in the Hampton jail?

MS. WILDER: I don't know. He was arrested in Hampton, but I don't know. I'm guessing they're not bringing him over because of Covid.

MS. CAVANAUGH: I can advise, Your Honor. He was picked up in Hampton. Hampton is not doing any transportations at this time.

MS. WILDER: I don't believe he has anything pending in Hampton unless it's a traffic matter.

THE COURT: Okay. You've answered that.

(1)

**VIRGINIA: In the Circuit Court for the City of Norfolk**

| THE COMMONWEALTH OF VIRGINIA<br>v.<br>John Patrick McSheffrey<br><br>DOB: 02/18/1967<br>SSN: 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 | Indictment for:<br>Intercourse with Spouse by Force, Threat, etc.<br><br>(Felony) |
|---|---|

January 06, 2021

The Grand Jury charges that:

On or between March 17, 2020 and March 31, 2020, in the City of Norfolk, John Patrick McSheffrey feloniously did commit rape by having sexual intercourse with A. T., when such act was accomplished against the victim's will, by force, threat or intimidation of or against the victim.

Va. Code §18.2-61.

Grand Jury Witness:
R. B. DAVIS
SCU
Norfolk Police Department

True Bill ☑
Not a True Bill ☐

[signature]
Grand Jury Foreperson Signature

(For Administrative Purposes Only)
Lily I. Wilder
(Direct Indictment)

NCC Case # CR20001649-00

VC Code: RAP-1141-F9