UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN P. MCSHEFFREY,

            Plaintiff,

v.                                             Action No. 2:21cv630

LILY I. WILDER, *in her individual
and official capacities*,

and

RYAN T. DAVIS, *in his individual
and official capacities*,

            Defendants.

## OPINION AND ORDER

This matter is before the Court on plaintiff John P. McSheffrey's ("McSheffrey") motion for a temporary restraining order and preliminary injunction against defendants Lily I. Wilder ("Wilder") and Ryan T. Davis ("Davis")[1], employees of the Norfolk Commonwealth Attorney's Office and the Norfolk Police Department[2], respectively, to enjoin his state criminal prosecution. ECF No. 13. All three parties have consented to the jurisdiction of a United States Magistrate Judge. ECF Nos. 25, 29, 30. The case was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. ECF No. 33. For

---

[1] Davis' correct middle initial is "B," not "T," as used by McSheffrey in his amended complaint. *See* ECF No. 41, at 1.

[2] McSheffrey alleged in his amended complaint that Davis was employed by the Norfolk Commonwealth Attorney's Office as an investigator. *See* ECF No. 38, at 3. Davis later identified himself as being employed by the Norfolk Police Department. *See* ECF No. 41, at 1–2, 14. McSheffrey conceded in his reply that Davis is employed with the Department. *See* ECF No. 49, at 16 n.5.

the following reasons, the Court **DENIES** McSheffrey's motion for a temporary restraining order and preliminary injunction, ECF No. 13.

## I. PROCEDURAL HISTORY

On November 24, 2021, McSheffrey filed his first complaint against Wilder and Davis, in both their individual and official capacities, in relation to his criminal prosecution in the Circuit Court for the City of Norfolk. ECF No. 1. On January 7, 2022, McSheffrey filed a motion for a temporary restraining order and preliminary injunction with the request that the Court "issue a preliminary injunction and declaratory relief enjoining the defendants from further prosecuting Plaintiff or issuing a stay of state court criminal proceedings until [the federal case] is resolved."[3] ECF No. 13, at 3. Wilder filed her response to the motion on January 19, 2022, and Davis filed his response on January 20, 2022. ECF Nos. 15–16. McSheffrey untimely replied to each of these responses on January 31 and February 1, 2022, respectively. ECF Nos. 19, 21. On February 15, 2022, McSheffrey filed a motion for leave of court to file his late replies. ECF No. 23. McSheffrey's motion for leave of court is **GRANTED**, and his untimely replies have been considered by the Court. On February 1, 2022, McSheffrey filed a motion for a hearing. ECF No. 20. Because the record is clear and oral argument is not necessary, that motion is **DENIED**.

## II. FACTUAL BACKGROUND

The allegations noted below are set forth in McSheffrey's amended complaint. ECF No. 38. On or about March 15, 2020, alleged victim A.T. approached McSheffrey's vehicle as she was walking down East Ocean View Avenue in Norfolk, Virginia. *Id.* ¶ 8. The two exchanged

---

[3] McSheffrey's request for declaratory relief at this stage is premature. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975) ("prior to final judgment there is no established declaratory remedy comparable to a preliminary injunction"). Even if preliminary declaratory relief could be granted, *Younger* abstention would apply for the reasons stated in this opinion and order and preclude the relief sought.

2

phone numbers and text messages over the next several days. *Id.* ¶¶ 8–12. During the text exchanges, A.T. informed McSheffrey that she had recently turned 18-years-old. *Id.* ¶¶ 9, 11.

A.T. and her mother had discussions about McSheffrey wanting to meet with A.T. for intercourse. *Id.* ¶ 13. After these conversations, A.T.'s mother met with a Norfolk police detective and arranged to have A.T. work for the Norfolk police as a confidential informant with the goal of entrapping McSheffrey for having intercourse with a minor. *Id.* A.T. met with McSheffrey, and the two had intercourse in exchange for money on two occasions. *Id.* ¶ 14. At the third meeting, McSheffrey noticed a police detective's card on the back of A.T.'s phone. *Id.* ¶ 15. A.T. then informed McSheffrey that she was 16-years-old and was working with the police on another case. *Id.*

On July 12, 2020, A.T. made a statement to the Norfolk police claiming that McSheffrey had sexually assaulted and raped her. *Id.* ¶ 19. McSheffrey met with a detective, and provided an affidavit stating that A.T. had lied about her age and explaining that all acts were consensual. *Id.* ¶ 20. On December 20, 2020, Wilder and Davis received information from a therapist that A.T. had reported McSheffrey sexually assaulted and raped her. *Id.* ¶ 21. Based on this information, Wilder prepared a direct indictment review package and Davis presented false information to the grand jury, including that A.T. was married to McSheffrey and she was over 18, and charging McSheffrey with "Intercourse with Spouse by Force, Threat, Etc." *Id.* ¶¶ 24–25, 27. McSheffrey is not married. *Id.* ¶ 6. In the alternative, McSheffrey alleges that Wilder and Davis never presented the case to a grand jury, and instead created a falsified or "bogus" indictment. *Id.* ¶ 26. McSheffrey was arrested on January 12, 2021, pursuant to this indictment. *Id.* ¶ 29.

### III. LEGAL STANDARDS

In the Fourth Circuit, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 102–03 (4th Cir. 2022) (quoting *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). The standards for granting a preliminary injunction and for granting a temporary restraining order are identical. *See Lighthouse Fellowship Church v. Northam*, 458 F. Supp. 3d 418, 427–28 (E.D. Va. 2020).

### IV. DISCUSSION

**A.   The *Younger* abstention doctrine applies to this case and precludes injunctive relief.**

In *Younger v. Harris*, the Supreme Court created "a mandatory rule of equitable restraint, requiring the dismissal of a federal action that seeks to enjoin an ongoing prosecution in a state criminal proceeding." *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006) (quotation and citation omitted). Where *Younger* abstention applies, a court cannot grant a temporary restraining order or a preliminary injunction. *See id.* at 240 (citing *Nivens v. Gilchrist*, 319 F.3d 151, 162 (4th Cir. 2003)); *see also Air Evac EMS, Inc.*, 37 F.4th at 94 ("The district court granted the preliminary injunction. In doing so, the district court declined to abstain under *Younger*).

To determine whether abstention under *Younger* is proper, a court must assess the following factors first outlined in *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982), commonly referred to as the *Middlesex* factors: "(1) whether there is 'an ongoing state judicial proceeding'; (2) whether that state proceeding 'implicate[s] important state interests'; and (3) whether that state proceeding provides 'an adequate opportunity . . . to raise constitutional challenges.'" *Air Evac EMS, Inc.*, 37 F.4th at 96–97 (quoting *Middlesex Cnty.*

*Ethics Comm.*, 457 U.S. at 432). All three of these elements are met in this case, and the *Younger* abstention doctrine prevents this Court from enjoining McSheffrey's state prosecution.[4]

McSheffrey's state case was initiated by direct indictment on January 6, 2021, long before McSheffrey filed suit in federal court on November 24, 2021, attempting to stop the prosecution. ECF No. 1; *see* ECF No. 38, at 11–13. Virginia's prosecution of McSheffrey is an ongoing matter and a criminal jury trial is currently pending. *See Commonwealth v. McSheffrey*, CR20001649-00 (Va. Cir. Ct. 2022). Therefore, because there is an ongoing state proceeding that was initiated before the federal case, the first element of *Younger* abstention is met. *See Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003) (noting that appellants in the case met the first element of *Younger* abstention by suing in federal court in an effort to stop an ongoing state prosecution).

The second element of *Younger* abstention is whether the ongoing state case implicates an "important, substantial, or vital [state] interest." *Id.* Criminal proceedings always satisfy this element, as they serve as a state's tool to prevent violations of its criminal laws and maintain the efficient operation of its criminal justice system. *See id.* at 154 (citing *Younger*, 401 U.S. at 43–44; *Cooper v. Oklahoma*, 517 U.S. 348, 367 (1996)).

The third and final element of the *Younger* abstention doctrine is whether the state proceeding "provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Id.* at 153. This requirement is based, in part, on the idea that "the accused should first set up and rely upon his defense in the state courts . . . unless it

---

[4] When applying *Younger* to cases stemming from criminal prosecutions, it is proper to analyze the *Middlesex* factors from the start instead of beginning with the test developed by the Supreme Court in *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78–79, 81 (2013), because criminal proceedings "squarely" fit into *Younger*'s scope. *Air Evac EMS, Inc.*, 37 F.4th at 96 n.2; *see also Robinson v. Thomas*, 855 F.3d 278, 285 (4th Cir. 2017) (beginning analysis of *Younger* doctrine in a case involving a state prosecution with the *Middlesex* factors).

plainly appears that this course would not afford adequate protection." *Younger*, 401 U.S. at 45 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243–44 (1926)).

Here, McSheffrey has decided to collaterally attack his state prosecution in federal court in addition to raising his constitutional challenges in the courts of the Commonwealth of Virginia. McSheffrey has had, and will continue to have, adequate opportunities to raise his claims in state courts, both during his criminal prosecution as well as in any possible appeal.

Rule 3A:9(b)(1) and (2) of the Supreme Court of Virginia provides safeguards for criminal defendants in the Virginia court system by allowing them to make motions challenging "defects in the institution of the prosecution or in the written charge upon which the accused is to be tried," giving McSheffrey the opportunity to challenge his indictment. McSheffrey has already made such a motion challenging the indictment, which was denied by the trial court. *See* ECF No. 49-11. Further, the heading of McSheffrey's indictment has been changed via valid motion from the prosecution to accurately reflect the charge against him. *See id.* The Court is satisfied that McSheffrey has had an adequate opportunity to challenge his indictment at the trial court and will have further opportunities to challenge the case against him at trial and in any appeal in the state court system. *See Nivens*, 319 F.3d at 154 (explaining that, even when a plaintiff believes argument on alleged constitutional violations in the state court will be futile, *Younger* abstention may still be proper). For these reasons, the final element of the *Younger* abstention doctrine is met, precluding the Court from enjoining McSheffrey's criminal prosecution.

**B.     No exceptions to *Younger* abstention doctrine apply to allow injunctive relief in this case.**

*Younger* abstention doctrine does not always bar federal courts from hearing challenges to state prosecutions due to exceptions to the doctrine. In "extraordinary circumstances, where

6

the danger of irreparable loss is both great and immediate," federal courts may enjoin state officials from pursing criminal prosecutions. *Younger*, 401 U.S. at 45. The three scenarios in which *Younger* envisioned appropriate federal equitable intervention are:

> where there is a showing of "bad faith" or "harassment" by state officials responsible for the prosecution, where the state law to be applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions," or where there exist other "extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment."

*Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (quoting *Younger*, 401 U.S. at 53–54).

Because McSheffrey has failed to show that his case resembles any one of these three scenarios, the exceptions to *Younger* abstention do not apply.

McSheffrey did not address *Younger* and its exceptions in his motion but did counter defendants' arguments that it should apply to this case in his reply briefs. ECF Nos. 19, 21. McSheffrey first argues that his prosecution has been pursued in bad faith, accusing both Wilder and Davis of creating a "false/forged" indictment. ECF No. 19, at 3; ECF No. 21, at 3. McSheffrey also argues that he faces an "irreparable injury that is both 'great and immediate,'" specifically, the "daily unlawful restraint of life, liberty, and property without probable cause," as well as "infringement of rights under the 8th Amendment to be free from cruel and unusual punishment." ECF No. 19, at 3; ECF No. 21, at 4.

> In response to Davis' motion to dismiss, McSheffrey claims that Davis:
>
> testified <u>under oath</u> to false information to the Grand Jury that Plaintiff was AT['s] "spouse" and le[]d the Grand Jury to believe th[at] AT was an adult (using the word "spouse") because any sex case of a minor must allege[] victim was under the age of 18 years old . . . Davis' false testimony was intentional to cover-up [] AT's lies.

ECF No. 49, at 11. McSheffrey also alleges that Wilder drafted an indictment with false information, failed to investigate the possibility that A.T. could be lying, lied to the court when

7

she claimed she did not know A.T. was working with the police, and lied to the court when she stated that the indictment was initiated using information from A.T.'s therapist. *Id.* Finally, McSheffrey alleges that the state judge handling his case has wrongfully denied his motions to subpoena grand jury records, dismiss the indictment, and disqualify Deputy Commonwealth's Attorney Paul Powers[5]; has refused to hear relevant evidence at his bond modification hearing; and, has employed an unreliable court reporter. *Id.* at 11–12.

In the companion case to *Younger*, *Perez v. Ledesma*, the Supreme Court explained that the bad faith exception to abstention applies "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." 401 U.S. 82, 85 (1971). McSheffrey fails to meet this high standard.

The archetypical scenario of bad faith envisioned by the Supreme Court in *Younger* is based on the facts of *Dombrowski v. Pfister*, where the Court found that federal intervention against a state prosecution was proper on bad faith grounds. *Younger*, 401 U.S. at 47–48. In that case, the appellants alleged that they were arrested by Louisiana police, charged with crimes, and had their offices raided and files seized. *Dombrowski v. Pfister*, 380 U.S. 479, 487 (1965). A state judge quickly quashed their arrest warrants and suppressed the seized evidence on the ground that the raid was illegal. *Id.* at 488. Nevertheless, state officials continued to threaten the appellants with prosecution, and new indictments were filed against them after a temporary

---

[5] Powers is a defendant in a separate case filed by McSheffrey. *See McSheffrey v. Powers*, No. 2:22cv80 (E.D. Va. 2022). McSheffrey accuses Powers of having lied to him about the employment status and location of Detective Siegel of the Norfolk Police, working with Norfolk prosecutors in contempt of a court order, threatening to bring up McSheffrey's prior convictions if he argues an entrapment defense, amending the indictment with prostitution charges and to remove the word "spouse" without the permission of the grand jury, and lying to McSheffrey's defense attorney about dropping the rape charge in exchange for having McSheffrey's attorney drop motions and take other actions against McSheffrey's interests. ECF No. 49, at 11–12.

restraining order was lifted. *Id.* This pattern of behavior, repeated prosecution without hope of conviction, undertaken for the possibility of influencing the behavior of a defendant, shows what the bad faith exception in *Younger* covers. *See Younger*, 401 U.S. at 48–49. The *Younger* Court expressly stated that *Dombrowski* was a limited exception to general abstention principles and emphasized that there was a clear distinction between the facts presented in that case and "the defense of a single prosecution brought in good faith." *Id.* at 48. McSheffrey's case bears little resemblance to the truly exceptional facts required to show bad faith.

Moreover, in *Kugler v. Helfant*, the Supreme Court held that, even if a state supreme court was personally biased against a criminal defendant and improperly coerced his testimony before a grand jury, it would not be proper for a federal court to intervene in the proceedings. 421 U.S. 117, 125–26. This is because the state court system is presumed to have safeguards against bias to ensure the impartiality of the trial judge. *Id.* at 127. As discussed above, there are safeguards in the Virginia criminal system to prevent faulty indictments from leading to erroneous convictions, and McSheffrey has already taken advantage of these safeguards and will likely continue to do so. *See* ECF No. 49-11.

The second exception to the application of *Younger* abstention does not apply in this case, as McSheffrey does not challenge the constitutionality of the criminal statute used for his charge. Regardless, Virginia Code § 18.2-61, which proscribes rape, would be unlikely to implicate any flagrant or patent violations of express constitutional prohibitions. *See Younger*, 401 U.S. at 53–54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941) (explaining that a patently unconstitutional law would have to be unconstitutional in every clause, and against every possible defendant)).

McSheffrey's second argument is that his case falls into the third, catch-all exception to *Younger* abstention, specifically, that he faces irreparable injury from his prosecution and the extraordinary circumstances surrounding his case warrant federal court intervention. ECF No. 49, at 14. *Younger* is clear, however, that single prosecutions do not usually create the risk of irreparable injury that is "great and immediate" enough to justify intervention. 401 U.S. at 46.

The Fourth Circuit has referred to the extraordinary circumstances exception as "exceedingly narrow," and has suggested that extraordinary circumstances must amount to "actual impediments to the state's ability to address the federal issues" in the case. *Air Evac EMS, Inc.*, 37 F.4th at 100.

McSheffrey alleges that he has been irreparably injured by the "daily restraint of his life and liberty," including being banned from certain areas of Norfolk, Virginia, prohibiting him from doing business in those areas. ECF No. 49, at 14 n.4. Although meeting the conditions of his bond may be onerous, "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Younger*, 401 U.S. at 46. McSheffrey would have to show that the alleged threat to his rights is one that could not be eliminated in the course of defending against a single prosecution, *id.*, and that the state courts lack the ability to address the federal issues of which he has complained. *Air Evac EMS, Inc.*, 37 F.4th at 100. For the reasons discussed above, McSheffrey has not done so. Therefore, McSheffrey fails to meet the high bar set out by the Supreme Court for irreparable injury, and thus cannot show that his case is excepted from the *Younger* abstention doctrine.

## V. CONCLUSION

For the foregoing reasons, McSheffrey's motion for a temporary restraining order and preliminary injunction, ECF No. 13, is **DENIED** on the grounds that the Court cannot enjoin the Commonwealth of Virginia's prosecution of him due to the *Younger* abstention doctrine. McSheffrey's request for a temporary restraining order and preliminary injunction is an example of what the Supreme Court found to be improper for federal courts to grant in *Younger*, as this form of relief would directly halt state proceedings the Court is asked to respect. *See* 401 U.S. at 43 (outlining the history and policy behind the federal courts' refusals to grant injunctions staying state proceedings).

/s/ Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
July //, 2022

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

> John P. McSheffrey
> 319 E. Leicester Avenue
> Norfolk, VA 23503

Fernando Galindo, Clerk

By _____
Angela Farlow
2022.07.18
16:29:33 -04'00'
Deputy Clerk

July 18, 2022