UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN P. MCSHEFFREY,

        Plaintiff,

v.                                                    Action No. 2:21cv630

LILY I. WILDER, *in her individual
and official capacities*,

and

RYAN B. DAVIS, *in his individual
and official capacities*,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on defendant Ryan B. Davis' ("Davis") motion to dismiss plaintiff John P. McSheffrey's ("McSheffrey") amended complaint, ECF No. 38, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 40. All three parties to this case have consented to the jurisdiction of a United States Magistrate Judge. ECF Nos. 25, 29–30. The case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. ECF No. 33. For the following reasons, the Court **ORDERS** that Davis' motion to dismiss is **GRANTED**.

## I. PROCEDURAL HISTORY

On November 24, 2021, McSheffrey filed his first complaint against Davis, employed by the City of Norfolk Police Department[1], and Assistant Commonwealth's Attorney Lily I. Wilder ("Wilder"), in both their individual and official capacities, in relation to McSheffrey's criminal prosecution in the Circuit Court for the City of Norfolk. ECF No. 1.

McSheffrey filed an amended complaint on March 21, 2022. ECF No. 38. McSheffrey's amended complaint demands

> compensatory damages, and declaratory and injunctive relief under 41 U.S.C.A. § 1983, alleging perjurious statements, and failure to supervise and train, to bring about a grand jury indictment in violation of the 1st, 4th, and 14th amendment rights under the United States Constitution resulting in wrongful arrest and imprisonment, and defamation of character.

*Id.* at 2. McSheffrey alleges in count one that Wilder and Davis committed perjury before a grand jury to "procure a false indictment" against him. *Id.* at 5–6. McSheffrey alleges that this perjury violated Virginia Code § 19.2-217, and his First, Fourth, and Fourteenth Amendment rights. *Id.* at 6. McSheffrey alleges in count two that Wilder and Davis "maliciously fabricate[d] or manufacture[d] or 'Rubber Stamped'" indictment against him, violating his rights to due process under Virginia Code § 19.2-217, his right to freedom of speech under the First Amendment, his right against unreasonable seizures of his person under the Fourth Amendment as incorporated against the states by the Fourteenth Amendment, and his due process rights to a fair trial and a grand jury indictment under the Fourteenth Amendment. *Id.* at 6–7.

---

[1] McSheffrey alleges in his amended complaint that Davis was employed by the Norfolk Commonwealth Attorney's Office as an investigator. *See* ECF No. 38, at 3. Davis later identified himself as being employed by the Norfolk Police Department. *See* ECF No. 41, at 1–2, 14. McSheffrey conceded in his reply that Davis is employed with the Norfolk Police Department. *See* ECF No. 49, at 14.

McSheffrey seeks an injunction against Wilder and Davis, preventing them "from engaging in the policies, practices and conduct complained of by stopping the malicious criminal prosecution or restart it with correct procedures and information." *Id.* at 7–8. Further, McSheffrey seeks a declaratory judgment that Wilder and Davis violated his constitutional rights and the laws of Virginia. *Id.* at 8. McSheffrey also seeks $500,000.00 collectively in compensatory damages against Wilder and Davis under the Federal Tort Claims Act and $100,000.00 from each of the defendants in punitive damages, as well as any other relief he may be entitled to. *Id.*

On April 4, 2022, Davis filed a motion to dismiss McSheffrey's amended complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). ECF No. 40. On May 16, 2022, McSheffrey filed an opposition to Davis' motion to dismiss. ECF No. 49. Davis filed a reply on May 23, 2022. ECF No. 50. After review of the parties' submissions, the Court concludes that a hearing is unnecessary, and this matter is ready for a decision. *See* Local Civil Rule 7(J).

## II. FACTUAL BACKGROUND[2]

On or about March 15, 2020, alleged victim A.T. approached McSheffrey's vehicle in Norfolk, Virginia. ECF No. 38, ¶ 8. The two exchanged phone numbers and text messages over the next several days. *Id.* ¶¶ 8–12. During the text exchanges, A.T. informed McSheffrey that she had recently turned 18 years old. *Id.* ¶ 11.

A.T. discussed with her mother that McSheffrey wanted to meet with A.T. for intercourse. *Id.* ¶ 13. After these conversations, A.T.'s mother met with a Norfolk police detective and arranged to have A.T. work for the Norfolk police as a confidential informant with the goal of entrapping

---

[2] The facts detailed below are set forth in the amended complaint and accepted as true for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

3

McSheffrey into having intercourse with a minor. *Id.* A.T. met with McSheffrey, and the two had intercourse in exchange for money on two occasions. *Id.* ¶ 14.

On July 12, 2020, A.T. made a statement to the Norfolk police claiming that McSheffrey had sexually assaulted and raped her. *Id.* ¶ 19. McSheffrey met with a detective, and provided an affidavit stating that A.T. had lied about her age and explaining that all acts were consensual. *Id.* ¶ 20. On December 20, 2020, Wilder and Davis received information from a therapist that A.T. had reported McSheffrey sexually assaulted and raped her. *Id.* ¶ 21. Based on this information, Wilder prepared a direct indictment review package and Davis presented false information to the grand jury, including that A.T. was married to McSheffrey and she was over 18. *Id.* ¶¶ 24–25. The indictment charged McSheffrey with "Intercourse with Spouse by Force, Threat, Etc." *Id.* ¶ 27. McSheffrey is not married. *Id.* ¶ 6. In the alternative, McSheffrey alleges that Wilder and Davis never presented the case to a grand jury, and instead created a falsified or "bogus" indictment. *Id.* ¶ 26. McSheffrey was arrested on January 12, 2021, pursuant to this indictment. *Id.* ¶ 29.

### III. LEGAL STANDARD

Davis seeks to dismiss all McSheffrey's claims against him pursuant to Federal Rule of Civil Procedure 12(b)(6).[3] When a complaint fails "to state a claim upon which relief can be granted," dismissal is proper. Fed. R. Civ. P. 12(b)(6). A complaint may be dismissed pursuant to the rule when it does not allege "enough facts to state a claim to relief that is plausible on its

---

[3] Davis' brief in support of his motion to dismiss requests that the Court dismiss the complaint for lack of subject matter jurisdiction under *Younger v. Harris*, 401 U.S. 37, 41 (1971), outlining "the fundamental policy against federal interference with state criminal prosecutions." ECF No. 41, at 4–10. The state charges against McSheffrey have been *nolle prossed*, and *Younger* abstention no longer applies. ECF No. 117-1, at 2, 5. Accordingly, the Court will address Davis' motion to dismiss for failure to state a claim.

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not have detailed facts regarding his claims in the complaint, but his factual allegations must raise a right to relief above the level of speculation. *Id.* at 555.

A Rule 12(b)(6) motion to dismiss does not resolve factual disputes, and so a court "must accept as true all of the factual allegations contained in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). While the alleged facts must be taken as true, a court is not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must include 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 709 (4th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

If a court, on a motion under Rule 12(b)(6), considers matters outside of the pleadings, the motion is treated as one for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12(d). However, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396–97 (4th Cir. 2006).

## IV. DISCUSSION

Pro se pleadings must be construed liberally. *Jackson v. Lightsey*, 775 F.3d 170, 177 (4th Cir. 2014). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberally construing a pro se complaint "does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court." *Carter v. Ervin*, No. 0:14-CV-00865, 2014 WL 2468351, at *2 (D.S.C. June 2, 2014) (citing *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990)). A court's "task is not to discern the unexpressed intent of the plaintiff, but what the words in the complaint mean." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006); *see also Weller*, 901 F.2d at 391 ("The special judicial solicitude with which a district court should view [] pro se complaints does not transform the court into an advocate.") (internal quotation marks omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985) (district courts cannot "be required to conjure up and decide issues never fairly presented to them").

In the preliminary statement to his amended complaint, McSheffrey uses the phrases "failure to supervise and train" and "defamation of character." ECF No. 38, at 2. This is the only place in his amended complaint that these phrases or any reference to supervising, training, or defaming appear. Accordingly, the Court finds McSheffrey has not alleged any claims against Davis for failing to supervise or train or for defaming McSheffrey.[4]

---

[4] The Court notes that section 1983 "cannot be used as a vehicle for asserting a claim of defamation." *Wildauer v. Frederick Cnty.*, 993 F.2d 369, 373 (4th Cir. 1993). The Court reads McSheffrey's complaint as including defamation under the section 1983 claim, as it is only raised once in the complaint in a sentence including the rest of McSheffrey's allegations under section 1983. Further, with respect to the phrase "failure to supervise or train," the amended complaint does not reference Davis' employer, the Norfolk Police Department, or any policies or customs of the department, and does not reference Davis' supervisor or Davis performing any supervisory functions.

A.  **McSheffrey fails to state a section 1983 claim for relief against Davis for violating McSheffrey's constitutional rights.**

McSheffrey has filed suit against Davis in both his official and individual capacities alleging that he brought about a grand jury indictment in violation of McSheffrey's First, Fourth, and Fourteenth Amendment rights, resulting in McSheffrey suffering a wrongful arrest and imprisonment. ECF No. 38, at 1–3. McSheffrey alleges Davis violated his rights based on two alternate factual scenarios—either Davis committed perjury before a grand jury, or Davis acted in concert with Wilder to "falsify a bogus indictment and/or put a[n] e-signature on the Indictment." ECF No. 38, at 5–6. The Court is limited to reviewing McSheffrey's amended complaint and any exhibits attached to it for purposes of determining whether he has properly stated a claim. *See E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

1.  **McSheffrey fails to state a claim against Davis in his official capacity.**

The header of McSheffrey's complaint indicates that he is suing Davis in both his individual and official capacities. *See* ECF No. 38, at 1. A section 1983 claim against someone in their official capacity is essentially a suit against the entity they are an agent of. *King v. Rubenstein*, 825 F.3d 206, 223 (4th Cir. 2016) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Such an official capacity claim requires that the employing entity must have some "policy or custom" that "played a part in the violation of federal law." *Id.* (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978)). In the amended complaint, McSheffrey identifies Davis as an investigator for the Commonwealth Attorney's Office, meaning that any policy or custom he attempted to attribute to Davis' employer would have been misattributed given his employment with the Norfolk Police Department. *See* ECF No. 38, ¶ 5. Regardless, McSheffrey makes no attempt in his amended complaint to allege that there was a policy or custom behind either the Norfolk Commonwealth Attorney's Office or the Norfolk Police Department's treatment of him

and his case. For that reason, McSheffrey fails to state a claim against Davis in his official capacity and counts one and two as brought against Davis in his official capacity are **DISMISSED**.

### 2. Count one, alleging Davis is liable under section 1983 for committing perjury before the grand jury, fails to state a claim for relief.

In count one, McSheffrey alleges that Davis committed perjury before the grand jury for the purpose of securing a "false" indictment. ECF No. 38, at ¶ 26. McSheffrey alleges that Davis' perjury violated his First, Fourth, and Fourteenth Amendment rights, as well as his rights under Virginia Code § 19.2-217. *Id.* at ¶ 31. This entire claim, along with any others alleging Davis committed perjury before a grand jury, must be dismissed as Davis has absolute immunity in his role as a grand jury witness. *Rehberg v. Paulk*, 566 U.S. 356, 367 (2012). This immunity is designed to allow witnesses to present critical evidence without fear of retaliation in the form of civil suits for perjury and operates alongside the deterrence created by criminal penalties for perjury. *Id.*

The Supreme Court has clearly stated that it does not matter whether the witness is a law enforcement officer or a lay person, meaning that the fact that Davis testified as part of his employment with the Norfolk Police Department has no bearing on his immunity. *See id.* at 367–69. In *Rehberg*, the Court explained that even when an officer has "performed or supervised most of the investigative work in a case," and "may very much want the grand jury to return an indictment," it is ultimately the prosecutor that decides to present the case to the grand jury and move forward with it from there. *Id.* at 371–72. "It would thus be anomalous," says the Court, "to permit a police officer who testifies before a grand jury to be sued for maliciously procuring an unjust prosecution when it is the prosecutor, who is shielded by absolute immunity, who is actually responsible for the decision to prosecute." *Id.* at 372.

Further, a plaintiff in a section 1983 suit may not reframe a perjury claim into another claim to circumvent this rule. *Id.* at 369. If this was not the case, "a criminal defendant turned civil plaintiff could simply reframe a claim to attack the preparation instead of the absolutely immune actions themselves." *Id.* (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 283 (1993) (Kennedy, J., concurring in part and dissenting in part)). As the Court points out, grand jury witnesses almost always work with the prosecutor in the case before the grand jury is empaneled, opening the door to claims that have little relevance to the actual testimony before the grand jury but would result in litigation on the same subject. *Id.* at 369–70 (this absolute immunity "may not be circumvented by claiming that a grand jury witness conspired to present false testimony, or by using evidence of the witness' testimony to support any other § 1983 claim concerning the initiation or maintenance of a prosecution"). Allowing such claims would undermine the absolute immunity recognized by the Court. *Id.* at 370. As Davis has absolute immunity with respect to his grand jury testimony, count one of McSheffrey's amended complaint, which alleges Davis violated McSheffrey's rights by committing perjury before the grand jury, is **DISMISSED**.

      **3.    Count two, alleging Davis is liable under section 1983 for falsifying an indictment, fails to state a claim for relief under the First Amendment, Fourth Amendment, and Fourteenth Amendment.**

In count two, McSheffrey alleges that Davis worked with Wilder to "fabricate or manufacture or 'Rubber Stamp[]' [a] false indictment" to deprive McSheffrey of his rights under the First, Fourth, and Fourteenth Amendments. ECF No. 38, ¶¶ 36–37. A plaintiff seeking to prove a section 1983 claim must show "that the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of . . . state law." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

9

### a. McSheffrey fails to state a section 1983 retaliation claim under the First Amendment Free Speech Clause.

In count two, McSheffrey alleges that Davis violated his rights to free speech under the First Amendment when he falsified the indictment. ECF No. 38, ¶¶36–39. The Court interprets McSheffrey's claim to be based on retaliation, as he has not alleged any facts that would implicate any other speech right and he claims that the creation of the indictment itself is what caused the violation. *See id.* A claim for retaliation requires a plaintiff to show that "(1) [] he engaged in protected First Amendment activity, (2) the defendant [] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and the defendant['s] conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005))." McSheffrey has failed to specify in his complaint what he perceives to be the protected speech that led to Davis retaliating against him, and for that reason he has failed to state a section 1983 claim based on First Amendment retaliation. Therefore, the portion of count two of the amended complaint that alleges Davis violated McSheffrey's First Amendment rights is **DISMISSED**.

### b. McSheffrey fails to state a section 1983 claim for relief under the Fourth and Fourteenth Amendments.

In count two, McSheffrey alleges that Davis falsified the indictment violating McSheffrey's Fourth Amendment right to be free of "unreasonable seizures of his person" and due process rights guaranteed by the Fourteenth Amendment.[5] ECF No. 38, ¶ 38. He references elsewhere in his complaint that he was wrongfully arrested and imprisoned. *Id.* at 1–2.

---

[5] In the last sentence of count two, McSheffrey states that he was denied the due process right to a fair trial and right to Grand Jury indictment. ECF No. 38, ¶ 39. This is the only reference to a trial

The Fourth Circuit has explained, "[section] 1983 claims of false arrest, false imprisonment, and malicious prosecution are considered under the Fourth Amendment, not the Fourteenth Amendment," *Sesay v. Woolsey*, No. 8:18cv1924-PWG, 2019 WL 859782, at *6 (D. Md. February 21, 2019), as "the Due Process Clause is not the proper lens through which to evaluate law enforcement's pretrial missteps." *Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017); *see also Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). The Fourth Amendment provides the only actionable ground for relief for McSheffrey's allegation that his rights were violated when he was arrested pursuant to a false indictment. *See Safar*, 859 F.3d at 245. Accordingly, McSheffrey's section 1983 Fourteenth Amendment claim in count two is **DISMISSED**, and the claim will be evaluated under the Fourth Amendment.

The first step in analyzing a Fourth Amendment claim is to determine whether the claim is one alleging a false arrest or a malicious prosecution. The Fourth Circuit case, *Brooks v. City of Winston-Salem, N.C.*, presented a similar Fourth Amendment allegation, and the court in that case had to determine which claim the plaintiff had alleged. 85 F.3d 178, 181 (1996). A claim for false arrest is based on a warrantless arrest or imprisonment not supported by probable cause, while a claim for malicious prosecution alleges that an arrest was made pursuant to a warrant that was not supported by probable cause. *Id.* at 181–82. McSheffrey's claim, that his arrest was based on a false indictment, is a claim for malicious prosecution. *See Humbert v. Mayor and City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017) (holding that claims seeking damages for the period "post-indictment or arraignment . . . are considered a § 1983 malicious prosecution claim").

Section 1983 malicious prosecution claims under the Fourth Amendment require a plaintiff

---

in the amended complaint, and it is clear throughout the amended complaint that McSheffrey is challenging the indictment and resulting arrest.

11

to "allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012).

In count two, McSheffrey alleges that his arrest was the result of a false indictment. McSheffrey does not allege in the amended complaint that the criminal proceedings terminated in his favor. For this reason, he has failed to state a section 1983 claim for malicious prosecution under the Fourth Amendment. McSheffrey has recently indicated that he will file an amended complaint alleging a malicious prosecution claim due to the termination of the state court prosecution. ECF No. 128, at 3–4. Accordingly, the Court **GRANTS** McSheffrey leave to amend his section 1983 claim for malicious prosecution under the Fourth Amendment. McSheffrey is **ORDERED** to file his second amended complaint within thirty days from the entry of this Order. Because the Court has granted McSheffrey leave to file an amended complaint as to his Fourth Amendment malicious prosecution claim, Davis' motion to dismiss the Fourth Amendment claim is **DISMISSED as moot.**

**B.    McSheffrey fails to state a section 1983 claim premised on Virginia Code § 19.2-217.**

In count two, McSheffrey alleges that Davis worked with Wilder to "fabricate or manufacture or 'Rubber Stamp[]' [a] false indictment" to deprive McSheffrey of his rights "under due process to Va. Code § 19.2-217 ('prosecution for felony to be by indictment')." ECF No. 38, ¶ 36. While McSheffrey may have rights regarding grand jury indictments for felonies, he fails to state a claim under section 1983 because the state statute does not provide him with a redressable federal right. Virginia Code § 19.2-217 reads:

> . . . no person shall be put upon trial for any felony, unless an indictment or presentment shall have first been found or made by a grand jury in a court of competent jurisdiction or unless such person, by writing signed by such person

12

> before the court having jurisdiction to try such felony or before the judge of such court shall have waived such indictment or presentment, in which event he may be tried on a warrant or information. If the accused is in custody, or has been recognized or summoned to answer such information, presentment or indictment, no other process shall be necessary; but the court may, in its discretion, issue process to compel the appearance of the accused.

This means that any claim McSheffrey makes regarding a violation of this section of the Virginia Code fails to allege a violation of his federal rights. The section 1983 claim in count two brought pursuant to a violation of Virginia Code § 19.2-217 is **DISMISSED**.

C.   **McSheffrey fails to state a claim under the Federal Tort Claims Act.**

McSheffrey requests compensatory damages from Wilder and Davis under the Federal Tort Claims Act, alleging that they violated his constitutional rights, resulting in his false arrest. ECF No. 38, ¶ 42. The Federal Tort Claims Act ("FTCA") waives the sovereign immunity of the United States regarding some torts committed by federal employees. *See FDIC v. Meyer*, 510 U.S. 471, 475–76 (1994). For federal courts to have jurisdiction over a claim made pursuant to the FTCA, they must be actionable under 28 U.S.C. § 1346, which requires that the claim be

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 141 S. Ct. 740, 746 (2021) (citing *Meyer*, 510 U.S. at 477).

McSheffrey's FTCA claim against Davis fails because the claim is not against the United States or any of its agents. In the amended complaint, McSheffrey alleges that Davis is an investigator for the Norfolk Commonwealth Attorney's Office. ECF No. 38, ¶ 5. Davis is actually an employee of the Norfolk Police Department, not the Commonwealth Attorney's Office. *See* ECF No. 41, at 1–2, 14; ECF No. 49, at 14. In any event, Davis is neither an agent of the United

13

States nor an employee of any federal agency, and thus cannot be sued pursuant to the FTCA. For this reason, McSheffrey's FTCA claim against Davis must be **DISMISSED**.

## V. CONCLUSION

For the foregoing reasons, Davis' motion to dismiss, ECF No. 40, is **GRANTED**. The following claims in McSheffrey's amended complaint against Davis are **DISMISSED**:

(1) claims brought against Davis in his official capacity;

(2) count one alleging Davis is liable to McSheffrey as a result of committing perjury before the grand jury;

(3) count two section 1983 claims raised pursuant to the First Amendment, Fourteenth Amendment, and Virginia Code § 19.2-217; and,

(4) claims brought pursuant to the Federal Tort Claims Act.

The Court **GRANTS** McSheffrey leave to amend his section 1983 claim for malicious prosecution under the Fourth Amendment within thirty days from the date of entry of this Order. Accordingly, Davis' motion to dismiss McSheffrey's Fourth Amendment claim is **DISMISSED as moot**.

/s/
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 22, 2023


## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

> John P. McSheffrey
> 319 E. Leicester Avenue
> Norfolk, VA 23503

Fernando Galindo, Clerk

By _____
Deputy Clerk

May 22, 2023

15