UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN P. MCSHEFFREY,

          Plaintiff,

v.                                            Action No. 2:21cv630

LILY I. WILDER, *in her individual
and official capacity*,

          Defendant.

## OPINION AND ORDER

This matter is before the Court on the motions for summary judgment filed by *pro se* plaintiff John McSheffrey and defendant Lily Wilder. ECF Nos. 212, 217. McSheffrey alleges Assistant Commonwealth's Attorney Wilder violated his Fourth Amendment rights by maliciously prosecuting him for rape without probable cause pursuant to a false indictment. Wilder asserts she conducted her prosecution based on information provided by the police detective, the victim, and the victim's mother, and that an indictment was returned by the grand jury. For the following reasons, McSheffrey's motion for summary judgment is **DENIED**, and Wilder's motion for summary judgment is **GRANTED**.

### I.     PROCEDURAL HISTORY

McSheffrey filed a third amended *pro se* complaint on July 14, 2023, alleging Wilder conspired with Ryan Davis, Kimberly Wood, and Brent Johnson to unlawfully arrest, falsely imprison, and maliciously prosecute him in violation of his Fourth Amendment rights. ECF No. 143 ("Compl."). The Court granted motions to dismiss filed by Davis, Wood, and Johnson, and

the motion to dismiss the official capacity claim and claim for declaratory relief filed against Wilder. ECF No. 205. The remaining claim is one for malicious prosecution against Wilder in her personal capacity.

McSheffrey moved for summary judgment on March 4, 2024, to which Wilder responded and McSheffrey replied. ECF Nos. 212, 215, 221. Wilder moved for summary judgment on March 22, 2204, to which McSheffrey responded. ECF Nos. 217, 224. No reply has been filed and the time for replying has expired.

## II.     UNDISPUTED FACTUAL BACKGROUND

On July 12, 2020, Jane Doe made a statement to Detective Siegel with the Norfolk police claiming that McSheffrey had sexually assaulted and raped her. Compl. ¶ 8; ECF No. 143-1, at 2–6. On July 22, 2020, Detective Siegel emailed defendant Wilder a police report regarding his investigation. Compl. ¶ 9; ECF No. 143-1. Detective Siegel included a recording of his interview of Jane Doe, McSheffrey's criminal history, McSheffrey's written statement[1], and screenshots McSheffrey provided of text messages with Jane Doe. Compl. ¶ 9; ECF No. 143-1, at 2–16. Wilder met with Jane Doe's mother on November 16, 2020, who told Wilder that McSheffrey raped Jane Doe and that Jane Doe was 16 years old. Compl. ¶ 12.

Wilder contacted her supervisor on December 17, 2020, and "thoroughly went over the case evidence." *Id.* ¶¶ 7, 19. Her supervisor emailed Wilder the same day stating,

> I reluctantly approved your DI review for indictment. I am sure you realize you have very little chance of success in this case. Please, pre-trial, meet with Krista and go over every angle. I have see[n] Krista make magic before.

*Id.* ¶ 21; ECF No. 143-5, at 2. Wilder responded to the email on December 18, 2020,

---

[1] In his written statement, McSheffrey explains that Jane Doe consented to have intercourse with him after he paid her and that she was working with the police to entrap him for statutory rape. Compl. ¶ 9 n.1; ECF No. 143-1, at 7.

2

> I hate to admit this but when I scheduled my first meeting with the victim, I had practically made up my mind that I was NOT going to charge this man . . . However, [Jane Doe] truly is very credible and I truly believe that she was raped. I left the meeting with a gut feeling knowing that I had to convince my supervisors to let me charge this man. So thank you for trusting my judgement. I have talked to Krista about this case and will continue to seek her advice as the trial process continues. I also have spoken with the victim and her mom in GREAT lengths that this will not be an easy case to prove and that there is a good chance that we will lose however, they are both willing and wanting to fight.

Compl. ¶ 22; ECF No. 143-5.

The Circuit Court for the City of Norfolk produced the court's grand jury record for McSheffrey's case, including the grand jury indictment signed by the grand jury foreperson on January 6, 2021. ECF No. 212-1, at 3. The style of the indictment indicates it is for "Intercourse with Spouse by Force, Threat, etc." *Id.* The body of the indictment, however, states,

> The Grand Jury charges that:
>
> On or between March 17, 2020 and March 31, 2020, in the City of Norfolk, John Patrick McSheffrey feloniously did commit rape by having sexual intercourse with A.T.,[2] when such act was accomplished against the victim's will, by force, threat or intimidation of or against the victim.
>
> Va. Code § 18.2-61.

*Id.*

Based on this indictment, a capias was issued for McSheffrey's arrest. ECF No. 212-1, at 4. McSheffrey was arrested on January 12, 2021, and he was released on bond on January 20, 2021. Compl. ¶¶ 37–38, 41.

After McSheffrey filed this civil action against Wilder, Special Prosecutor Paul Powers took over the prosecution of McSheffrey's criminal case. Compl. ¶¶ 44–45. On February 27, 2023, the state court granted Powers' motion to *nolle prosequi* McSheffrey's case following

---

[2] The Court will refer to A.T. as Jane Doe.

3

Powers' statement, "we aren't able to find a witness, a former detective, who is a necessary witness at the time. We tried to serve him, contact him in every way possible, so we don't believe we could get a conviction without him." *Id.* ¶¶ 55–57; ECF No. 143-17, at 4.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that a district court will grant summary judgment for a movant if such party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The existence of some alleged factual dispute "will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 247–48 (1986). "A genuine question of material fact exists where, after reviewing the record as a whole, a court finds that a reasonable jury could return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012).

Although the moving party initially bears the burden on summary judgment, once a movant properly files evidence supporting summary judgment, the nonmoving party may not rest on the mere allegations of the pleadings, but must set forth specific facts in the form of exhibits and sworn statements illustrating a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). "Because '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge,'" the Court must only evaluate the evidence as needed to determine whether there is "'sufficient disagreement to require submission to a jury or whether [the evidence] is so one-sided that one party must prevail as a matter of law.'" *McAirlaids, Inc. v. Kimberly-Clark Corp.*, 756 F.3d 307, 310 (4th Cir. 2014) (quoting *Anderson*, 477 U.S. at 251–52, 255). In making its determination, "the district court must

'view the evidence in the light most favorable to the' nonmoving party." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 568 (4th Cir. 2015) (quoting *Tolan v. Cotton*, 572 U.S. 650, 657 (2014)).

### IV. DISCUSSION

**A. Malicious prosecution in violation of the Fourth Amendment.**

McSheffrey alleges Wilder procured or created a false indictment against him in violation of his Fourth Amendment right "to be seized only upon sanctioned probable cause," and references that he was wrongfully arrested and imprisoned. Compl. ¶¶ 61, 66. McSheffrey asserts two alternative sets of facts: (1) Wilder directed Davis to give false testimony to the grand jurors to obtain the false indictment; or (2) Wilder conspired with Wood to create an indictment that was never issued by the grand jury. Compl. ¶¶ 66–69.[3] McSheffrey's claim is based on the allegedly false indictment resulting in his arrest, and his claim sounds in malicious prosecution. *See* ECF Nos. 143-14, at 2; 143-15, at 2; *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–83 (4th Cir. 1996) (holding a claim for false arrest is based on a warrantless arrest or imprisonment not supported by probable cause, while a claim for malicious prosecution alleges that an arrest was made pursuant to a warrant that was not supported by probable cause).

Malicious prosecution claims under the Fourth Amendment require a plaintiff to "show that (1) the defendant seized him pursuant to legal process but without probable cause and (2) the criminal proceedings terminated in the plaintiff's favor." *Thurston v. Frye*, 99 F.4th 665, 673 (4th Cir. 2024) (citing *Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014)). There is no dispute

---

[3] In his response to Wilder's motion for summary judgment, McSheffrey states, "[t]he Plaintiff in fact, abandons the theory that Detective Davis falsely testified to the Grand Jury because the Court granted a subpoena duces tecum for grand jury minutes, and no records were found to support Wilder's Direct Indictment." ECF No. 224, at 3. Because the complaint has not been amended, the Court will address both of McSheffrey's theories.

5

that McSheffrey was arrested and criminal proceedings terminated in his favor with the entry of a *nolle prosequi* order. *See Bennett v. R & L Carriers Shared Servs., LLC*, 492 F. App'x 315, 333 (4th Cir. 2012) (citing *Graves v. Scott*, 51 S.E. 821, 823 (Va. 1905) (finding that generally, in Virginia, a *nolle prosequi* order is sufficient evidence that the prosecution has been terminated in the defendant's favor)). The issue is whether probable cause existed for McSheffrey's arrest.

"Probable cause has long been understood to encompass circumstances that, while less than a preponderance, 'warrant suspicion.'" *Thurston*, 99 F.4th at 673–74 (quoting *Locke v. United States*, 11 U.S. (7 Cranch) 339, 348 (1813)). "Whether circumstances 'warrant suspicion' turns on the combination of two factors: the suspect's conduct as known to the officer and the nature of the offense." *Id.* An arrest is backed by probable cause when "the facts known to the officer could make a prudent officer believe that the suspect's conduct satisfies the elements of a criminal violation." *Id.* (citing *Hupp v. Cook*, 931 F.3d 307, 318 (4th Cir. 2019)).

### 1. McSheffrey is not entitled to summary judgment.

McSheffrey argues that he is entitled to summary judgment because the record supports a finding that his indictment was never issued by the grand jury. ECF No. 212, at 2–3.

McSheffrey issued a subpoena to the Circuit Court for the City of Norfolk seeking the grand jury records from his criminal case. ECF No. 211, at 2–3. In response to the subpoena, the circuit court provided McSheffrey with the "grand jury record," which consists of the indictment signed by the grand jury foreperson on January 6, 2021, and the capias issued the same day for McSheffrey's arrest. ECF No. 212-1. The circuit court informed McSheffrey that no grand jury ballot or grand jury minutes exist, and that the juror list was not eligible for release in accordance with Virginia Code § 2.2-3703(A)(2). *Id.* at 2.

McSheffrey has produced no evidence to support his allegation that the grand jury indictment was falsified. Instead, McSheffrey argues the circuit court's failure to produce "Grand Jury minutes showing the indictment was in fact returned in open [c]ourt . . . supports his claims of fraud on the court, void indictment, illegal arrest and malicious prosecution." ECF No. 212, at 2.[4] To the contrary, the circuit court responded to McSheffrey's subpoena by providing the grand jury record, which reflects that McSheffrey's indictment was issued by the grand jury and signed by the grand jury foreperson on January 6, 2021.

The Court takes judicial notice of this record from the circuit court only to establish the indictment's existence and legal effect, without considering the truth of the statements contained therein. *See In re Alexander*, 524 B.R. 82, 88 (E.D. Va. 2014); *see also Akande v. U.S. Marshals Svc.*, No. 3:11cv1125, 2018 WL 1383397, at *3 n.5 (D. Conn. Mar. 19, 2018) (taking judicial notice of properly authenticated immigration warrants, detainers, and notices where plaintiff provided no bases for the assertion that the documents were forged); *State ex rel. Ramos v. White*, No. 96CA006511, 1997 WL 72091, at *1–2 (Ohio Ct. App. Feb. 7, 1997) (taking judicial notice of indictment when no specific facts were presented to support allegation that it was fraudulent). Pursuant to Federal Rule of Evidence 201(b)(2), a judicially noticed fact must be one "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The Fourth Circuit has noted that "'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'"

---

[4] McSheffrey further argues that his claim is supported by the circuit court's failure to produce the "Case Summary that Defendant Wood requested from Wilder [] in order to present the case to the Grand Jury," or the "grand jury sheet" that Davis claims was given to him to read to the grand jury. ECF No. 212, at 2. McSheffrey does not explain how the circuit court's grand jury record would include these documents, or why such apparently internal documents would be filed with the court.

7

*Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (quoting 21 C. Wright & K. Graham, Federal Practice and Procedure: Evidence § 5106 at 505 (1977)); *see also Equity-Inv. Assocs., LLC v. United States*, 40 F.4th 156, 161 n.5 (4th Cir. 2022) (taking judicial notice of grand jury indictment); *United States v. Kane*, 434 F. App'x 175, 176–77 (4th Cir. 2011) (same); *Berkeley Co. Sch. Dist. v. HUB Int'l Ltd.*, No. 2:18cv151, 2021 WL 1059024, at *2–3 (D.S.C. Mar. 18, 2021) (taking judicial notice of indictments as authentic court records showing defendant was charged). The authenticity of the indictment, which was subpoenaed directly from the circuit court's record, cannot reasonably be questioned and the Court will take judicial notice of the indictment. Accordingly, McSheffrey's motion for summary judgment is **DENIED**.

2. **Wilder's motion for summary judgment**

Wilder asserts that the facts below, which are not in dispute, demonstrate that she did not maliciously prosecute McSheffrey and is entitled to summary judgment: (1) Jane Doe made a statement to Detective Seigel on July 12, 2020, that McSheffrey sexually assaulted and raped her; (2) Detective Seigel emailed Wilder on July 22, 2020, providing a police report that contained a recording of the interview with Jane Doe and a statement from McSheffrey that Jane Doe consented to sexual intercourse after he paid her; (3) Wilder sought and received approval from her supervisor to seek a direct indictment; and (4) the grand jury returned an indictment on January 6, 2021, describing rape by force against a non-spouse, but with the heading "Intercourse with Spouse by Force, Threat, etc." ECF No. 217, at 1–2, 4–5.

The Court finds the undisputed facts support a finding of probable cause for McSheffrey's arrest. First, "[i]t has long since been settled by the Supreme Court that 'an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause.'" *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*,

8

420 U.S. 103, 117 n.19 (1975)). The Court has taken judicial notice of the indictment returned by the grand jury, which supports a finding of probable cause for McSheffrey's arrest.[5]

Second, there is probable cause for McSheffrey's arrest as the known circumstances could make a prudent person believe that McSheffrey's conduct satisfied the elements of a criminal violation. The indictment charges McSheffrey with rape by force, threat, or intimidation. The Supreme Court of Virginia has addressed the element of force in non-statutory rape cases, explaining:

> The issue is: Was the victim willing or unwilling? In that connection, there must be evidence of some array or show of force in form sufficient to overcome resistance, but the woman is not required to resist to the utmost of her physical strength, if she reasonably believes resistance would be useless and result in serious bodily injury to her. And the amount of resistance which may be required necessarily depends on the circumstances of each case, taking into consideration the relative physical condition of the participants and the degree of force manifested. Indeed, this court has said that no positive resistance by the victim need be demonstrated if it appears that the crime was effected without her consent.

---

[5] McSheffrey alleges that the indictment stemmed from false testimony to the grand jury that he had forcible intercourse with his adult spouse (although he is not married and although Jane Doe was a minor). Compl. ¶ 61. The only support for the allegation of false testimony is the style of the indictment, which reads "Intercourse with Spouse by Force, Threat, etc." ECF No. 212-1, at 3. There is no dispute, however, that the victim identified in the indictment as "A.T." is the underaged victim described in the complaint as "Jane Doe." ECF No. 38, ¶ 14; ECF No. 49, at 1; ECF No. 143 ¶¶ 13, 22. The body of the indictment correctly sets out the elements of rape by force or intimidation and cites the correct statute, notifying McSheffrey of the charge against him so that he could prepare a defense and not be surprised by the evidence offered at a trial. *See* Va. Code Ann. § 19.2-220; *King v. Commonwealth*, 578 S.E.2d 803, 806 (Va. App. 2003) (specifying that an indictment's purpose "is to give an accused notice of the nature and character of the accusations against him in order that he can adequately prepare to defend against his accuser") (citation omitted); *Pulliam v. Commonwealth*, 688 S.E.2d 910, 912 (Va. App. 2010). The inclusion of "spouse" in the style of the indictment is a defect in form only that did not jeopardize McSheffrey's substantial rights and can be disregarded. *See Reed v. Commonwealth*, 706 S.E.2d 854, 858 (Va. 2011) (holding failure of the grand jury foreperson to sign the indictments was a defect in form only); *see* Fed. R. Crim. P. 52 ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.")

9

*Jones v. Commonwealth*, 252 S.E.2d 370, 372 (Va. 1979) (quotations and citations omitted). In addition, "[i]ntimidation as used in the [rape] statute, means putting a victim in fear of bodily harm by exercising such domination and control of her as to overcome her mind and overbear her will" and "may be caused by the imposition of psychological pressure on one who, under the circumstances, is vulnerable and susceptible to such pressure." *Sutton v. Commonwealth*, 324 S.E.2d 665, 670 (Va. 1985).

The record supports a finding of probable cause for McSheffrey's arrest for rape by force or intimidation.[6] Detective Seigel provided an incident report to Wilder, which stated

> The victim reported meeting the defendant in either February or March of this year. The defendant approached the victim and was able to obtain her number. The defendant contacted the victim and the two agreed to go to his house. The defendant offered the victim marijuana and provided her with a jack and coke. The defendant then proceeded to try to kiss the victim and get on top of her by saying "be nice to me." The victim told the defendant "no" multiple times. The defendant took out his penis. The victim told the defendant if he was going to do it, he needed to put on a condom. After the defendant finished, he gave the victim $50. The victim disclosed on a different day, she performed oral sex on the defendant, which was consensual. The defendant provided the victim with $30.

ECF No. 143-1, at 4.

The circumstances of Jane Doe's encounter with McSheffrey "warrant suspicion." *See Thurston*, 99 F.4th at 673–74. The information known to Wilder when the decision was made to prosecute McSheffrey includes the following: (1) Jane Doe was under 18 years old[7] and McSheffrey was 52 years old at the time of the encounter; (2) Jane Doe had consumed alcohol and

---

[6] There is no allegation that McSheffrey threatened Jane Doe.

[7] The uncontroverted evidence in the record is that Jane Doe was not yet 18 years old at the time of the alleged rape, although McSheffrey suggests that she lied to him about her age. ECF No. 38, ¶¶ 15, 25; ECF No. 49, at 4; ECF No. 143, ¶ 61; ECF No. 143-1, at 7. In the incident report filed with the Court, Jane Doe's name, age, and date of birth are blank, presumably redacted. ECF No. 143-1, at 2. Jane Doe's race and sex are included, as well as the age (52), race, and sex of McSheffrey. *Id.* at 2–3.

10

smoked marijuana at the time of the encounter (Jane Doe indicated marijuana was offered to her and alcohol was provided to her by McSheffrey, while McSheffrey asserts Jane Doe told him she had been drinking and smoking weed and he smelled alcohol on her); (3) Jane Doe stated that she said "no" multiple times when McSheffrey tried to kiss her and get on top of her, although McSheffrey stated the encounter was consensual; (4) McSheffrey had sexual intercourse with Jane Doe after she asked him to put on a condom; and (5) McSheffrey paid Jane Doe $50.00. ECF No. 143-1, at 4, 7. These known facts could make a prudent person "believe that the suspect's conduct satisfies the elements of a criminal violation." *Thurston*, 99 F.4th at 674 (citing *Hupp*, 931 F.3d at 318). The Court "remain[s] mindful of the Supreme Court's admonition that 'in a doubtful or marginal case a [seizure] under a warrant may be sustainable where without one it would fall.'" *Id.* (quoting *United States v. Leon*, 468 U.S. 897, 914 (1984)).[8]

The Court finds that the undisputed record supports a finding of probable cause for McSheffrey's indictment and ensuing arrest.[9] Accordingly, McSheffrey's malicious prosecution claim against Wilder fails and Wilder's motion for summary judgment is **GRANTED**.

---

[8] The Fourth Circuit has ruled that, in malicious prosecution cases, "[p]robable cause need not be tailored to the offense the arresting official suspected at the time of arrest. Rather, probable cause exists when 'the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest or booking.'" *Thurston*, 99 F.4th at 674 n.4 (citing *District of Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018)). As a result, the Court can assess probable cause "in relation to any crime identified by the parties in the case, even one identified only during litigation." *Id.* (citing *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)). Jane Doe was a minor under the age of 18 years old and McSheffrey was 52 years old at the time they had sexual intercourse. ECF No. 38, ¶¶ 15, 25; ECF No. 143-1, at 7. Accordingly, probable cause also existed to arrest McSheffrey for statutory rape. *See* Va. Code Ann. § 18.2-371.

[9] Wilder argues that she is entitled to prosecutorial immunity. ECF No. 217, at 5–6. Because the Court finds probable cause for McSheffrey's indictment and arrest, this argument will not be addressed.

V. CONCLUSION

For these reasons, McSheffrey's motion for summary judgment, ECF No. 212, is **DENIED**, Wilder's motion for summary judgment, ECF No. 217, is **GRANTED,** and McSheffrey's third amended complaint is **DISMISSED WITH PREJUDICE**.

McSheffrey may appeal from this dismissal order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within 30 days from the date of the entry of this dismissal order.

The Clerk is **DIRECTED** to send a copy of this dismissal order to McSheffrey and counsel for defendant.

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
May 30, 2024