UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN P. MCSHEFFREY,

        Plaintiff,

v.

                                               Action No.  2:21cv630

LILY I. WILDER, *in her individual
and official capacity*,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on the Rule 59(e) motion to alter or amend judgment filed by *pro se* plaintiff John McSheffrey.  ECF No. 227.  McSheffrey requests that the Court alter or amend the judgment entered on May 30, 2024, and allow him to file a fourth amended complaint. *Id.* at 2–3.  McSheffrey's motion to alter or amend the judgment, ECF No. 227, is untimely.

McSheffrey has also filed a motion for leave to file his Rule 59(e) motion beyond the deadline, ECF No. 228, which is **DENIED**.  Alternatively, McSheffrey requests that the Court construe his Rule 59(e) motion as a Rule 60(b) motion, ECF No. 228, and this request is **GRANTED**.  Construing the motion as filed pursuant to Rule 60(b), the motion is **DENIED**.

### I.    ANALYSIS

**A.    McSheffrey's Rule 59(e) motion is untimely.**

Rule 59(e) allows a party to move a court to "alter or amend a judgment . . . [within] 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  A court is vested with broad discretion whether to grant such relief. *Daulatzai v. Maryland*, 97 F.4th 166, 178 (4th Cir. 2024) (distinguishing between a court's "broad" discretion to decide whether to grant relief pursuant to

Rule 59(e), which "suspends the finality of the judgment . . . [until] the disposition of the motion," relative to the "narrower" grounds for relief available to litigants pursuant to Rule 60(b)). A court cannot, however, extend the time to file a Rule 59(e) motion. Fed. R. Civ. P. 6(b)(2) (prohibiting extensions of Rule 59(e)'s 28-day deadline).

On May 30, 2024, the Court entered judgment granting defendant's motion for summary judgment and dismissing with prejudice McSheffrey's third amended complaint. ECF No. 226. McSheffrey had 28 days to file a motion to alter or amend the judgment pursuant to Rule 59(e), which expired on June 27, 2024. McSheffrey filed his motion on July 1, 2024.

McSheffrey's assertion that he was entitled to three additional days to file his Rule 59(e) motion under Rule 6(d) because he received the judgment by mail, ECF No. 228, at 1–2, is incorrect. Rule 6(d), which was Rule 6(e) prior to 2007, provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Fed. R. Civ. P. 6(d). Rule 6(d) does not extend the time period for filing a Rule 59(e) motion, which runs from the entry of judgment and not the date of service. *See Pannell v. Johnson*, 115 F. App'x 645, n. 2 (4th Cir. Dec. 15, 2004) ("Rule 6(e) does not apply to time periods that begin with the filing in court of a judgment or order."); *Albright v. Virtue*, 273 F.3d 564, 571 (3d Cir. 2001) ("Every court to consider the argument that Rule 6(e) extends the Rule 59(e) time limit by three days has rejected such an argument.") (collecting cases). The time period for filing McSheffrey's Rule 59(e) motion was not extended by Rule 6(d) and Rule 6(b)(2) prohibits the Court from extending the deadline. Accordingly, McSheffrey's Rule 59(e) motion is untimely.

**B.    McSheffrey has not established he is entitled to relief pursuant to Rule 60(b).**

Because McSheffrey's motion was filed beyond the 28-day period for filing a Rule 59(e)

motion, the Court will construe his motion as one filed pursuant to Federal Rule of Civil Procedure

60(b). *Colter v. Omni Ins. Co.*, 718 F. App'x 189, 191 (4th Cir. 2018). Rule 60(b) authorizes a

district court to grant relief from a final judgment. "To prevail, a party must first demonstrate (1)

timeliness, (2) a meritorious [claim], (3) a lack of unfair prejudice to the opposing party, and (4)

exceptional circumstances." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023) (citations omitted).

After meeting this threshold showing, a party must establish that he meets one of the six categories

listed in Rule 60(b).[1] The party seeking relief "must clearly establish the grounds therefore to the

satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate

proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations omitted).

"It is a well settled principle of law that a Rule 60(b) motion seeking relief from a final

judgment is not a substitute for a timely and proper appeal." *Dowell v. State Farm Fire and Cas.*

*Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). "To the extent that a post-judgment motion s[eeks]

to have the district court reconsider its prior ruling with respect to issues addressed in the district

court's original order, it is clearly improper, because Rule 60(b) does not authorize a motion for

reconsideration of a legal issue." *CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395,

400 (4th Cir. 1995) (citation omitted); *Saunders v. City of Petersburg Police Dept.*, No. 05-2240,

---

[1] (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6).

2005 WL 3542461, at *1 (4th Cir. Dec. 28, 2005) (per curiam) (stating "Rule 60(b) may not be used to relitigate claims already decided by the court"). A request for the district court to "change its mind" is also not a meritorious claim or defense under Rule 60(b). *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982). Moreover, a "party that 'has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself of Rule 60(b) after an adverse judgment has been handed down.'" *Cochran v. Holder*, No. 1:06cv1328, 2010 WL 2342430, at *3 (E.D. Va. June 4, 2010); *see also Gray v. Wittstadt Title & Escrow Co., LLC*, No. 4:11cv111, 2012 WL 6968344, at *1 (E.D. Va. Jan. 25, 2012) (denying Rule 60(b) motion and motion to file an amended complaint).

McSheffrey's motion restates arguments previously made in this litigation and attaches two exhibits in support of those arguments that were previously not part of the Court's record. Most of the arguments were included in McSheffrey's third amended complaint, specifically that: (1) Jane Doe was lying; (2) Jane Doe was working with the police to entrap McSheffrey for statutory rape; (3) Jane Doe was motivated to make false allegations against McSheffrey because McSheffrey was evicting her friends from a condominium; (4) Wilder "sought with malice to derail [McSheffrey's] real estate business"; and (5) the grand jury indictment was void because it states that Jane Doe was McSheffrey's spouse. *Compare* ECF No. 227, at 1–3 *with* ECF No. 143, at 2, ¶¶ 9–10, 12, 28–29, 47. McSheffrey also raises arguments made during summary judgment briefing, that (1) Jane Doe was not taking medication for her psychiatric condition; (2) Jane Doe was addicted to drugs and alcohol; and (3) the lack of grand jury minutes establishes that McSheffrey's indictment was never presented to the grand jury. *Compare* ECF No. 227, at 1–2 *with* ECF No. 212, at 1–3; ECF No. 224, at 2. These arguments were all considered by the Court when ruling on the motions for summary judgment.

4

In addition to the above arguments, McSheffrey has attached to his motion Wilder's responses to McSheffrey's written discovery.  ECF Nos. 227-1, 227-2.  The certificate of service on the discovery responses indicate the responses were served on McSheffrey by email on September 18, 2023.  ECF No. 227-2, at 4, 7.  Thus, although this evidence was available to McSheffrey during the briefing of the summary judgment motions, he decided not to submit the evidence to the Court.  Further, the discovery responses do not support McSheffrey's claim and only strengthen Wilder's defense.  *See* ECF Nos. 227-1, 227-2.

McSheffrey has failed to provide a basis for granting relief pursuant to Rule 60(b), having failed to establish a meritorious claim.  McSheffrey has merely restated arguments previously addressed by the Court and has provided evidence that does not support his claim.  Accordingly, construing McSheffrey's motion as one filed pursuant to Rule 60(b), the motion is **DENIED**.

## II.    CONCLUSION

For these reasons, McSheffrey's Rule 59(e) motion to alter or amend the judgment, ECF No. 227, is untimely and McSheffrey's motion for leave to file his Rule 59(e) motion beyond the deadline, ECF No. 228, is **DENIED**; McSheffrey's request that the Court construe his Rule 59(e) motion as a Rule 60(b) motion, ECF No. 228, is **GRANTED**; and, construing McSheffrey's motion, ECF No. 227, as filed pursuant to Rule 60(b), the motion is **DENIED**.

McSheffrey may appeal from this order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510.  The written notice must be received by the Clerk within 30 days from the date of the entry of this order.

The Clerk is **DIRECTED** to send a copy of this order to McSheffrey and counsel for defendant.

_____
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
July 17, 2024

6